UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY ERIC BOLTON,<br><br>                Plaintiff,<br><br>    v.<br><br>CHEVRON,<br><br>               Defendant.<br>_____/ | No. 15-cv-4406 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1] |

**INTRODUCTION**

Gary E. Bolton, Sr., a pretrial detainee currently housed at Napa State Hospital, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint and requires Mr. Bolton to file an amended complaint.

**STATEMENT**

The complaint alleges the following. In 1992, 1993, or 1994, Mr. Bolton filed a claim, using the name "Gary E. Miller," but never received any money, unlike other people he knew. (ECF No. 1 at 3.) His mother then changed his name back to his real father's name, Gary E. Bolton. The complaint makes little sense in terms of alleging a claim, but some of the statements in it suggest

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-4406 LB
ORDER

that Mr. Bolton is attempting to assert a claim related to an explosion occurring at a Chevron refinery.  (ECF No. 1 at 2 (listing "Chevron explos[]ions" as a defendant); *id.* ("I also heard the explosen (sic) and smelled the bad air"); *id.* at 3 ("My uncle Freddy Miller also worked at Chevron he was the one that took me to go sign up").

## ANALYSIS

### I. LEGAL STANDARDS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).
.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### II. REVIEW OF COMPLAINT

Mr. Bolton's complaint is subject to review under § 1915A because Mr. Bolton apparently is a pretrial detainee who has been sent temporarily to Napa State Hospital for treatment.  (ECF No. 1 at 5 (Mr. Bolton's August 8, 2015 inmate grievance in Contra Costa County Detention Facility stating that he is facing a "three strikes" charge).)

Federal courts are courts of limited jurisdiction.  As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983.  (There are other federal statutes that grant other bases of federal court jurisdiction, but none appear to be applicable to this action.[2])  In simple terms, this action can go forward in

---

[2]For example, 28 U.S.C. § 1332 provides for diversity jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of different States.  Mr. Bolton has not alleged that diversity jurisdiction exists.  Diversity jurisdiction does not appear to exist in this action.  *See, e.g.*, *Chevron Corp. v. Bonifaz*, 2010 WL 1948681, at *1 (N. D. Cal. 2010) ("Chevron is a Delaware corporation with a principal place of business in San Ramon, California");

1  federal court if a claim is stated under § 1983; if the complaint does not state a claim under § 1983,
2  Mr. Bolton should pursue his claim in state court, if he has a cognizable legal claim.

3  Mr. Bolton's complaint has several problems which he must address in an amended complaint.
4  The first problem is that, although Mr. Bolton used the form complaint for a civil rights action, he
5  did not state a claim under 42 U.S.C. § 1983. Mr. Bolton's complaint fails to allege either element
6  of a § 1983 claim. He has not identified, and the facts alleged do not suggest, the violation of any
7  right secured by the Constitution or laws of the United States. *See West*, 487 U.S. at 48. The state
8  action element also is missing because the lone defendant, Chevron, does not appear to be have been
9  acting under color of state law. *See id.* at 49. If Mr. Bolton wishes to pursue a claim against
10 Chevron under § 1983, he must file an amended complaint that alleges both elements of a § 1983
11 claim.

12 The second problem with the complaint is that it has too few facts. In his amended complaint,
13 Mr. Bolton should describe his claim against Chevron in more detail. He should state what Chevron
14 did, when Chevron did it, and how it caused a violation of Mr. Bolton's rights.

15 The third problem with the complaint that it appears that any § 1983 claim would be time-barred.
16 A "statute of limitations" sets the amount of time within which an action must be brought for a
17 wrong. The statute of limitations for a § 1983 claim in California is now two years. *See*
18 *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Elliott v. City of Union City*, 25 F.3d 800,
19 802 (9th Cir. 1994); Cal. Civ. Proc. Code § 335.1. It is federal law, however, that determines when
20 a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v.*
21 *Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally
22 accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action.
23 *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has
24 knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted
25 the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

---

28 http://www.sec.gov/cgi-bin/browse-edgar?company=chevron&owner=exclude&action=getcompany (listing Chevron Corporation as being located in California and incorporated in Delaware). If Mr. Bolton believes there is diversity jurisdiction, he should so allege in his amended complaint.

UNITED STATES DISTRICT COURT
For the Northern District of California

The limitations period may be tolled for certain disabilities that existed when the cause of action accrued. *See* Cal. Penal Code § 357. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1. And a plaintiff's insanity is a disability that may toll the limitations period. *See* Cal. Civ. Proc. Code § 352(a). For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968) (citation omitted); *cf. Feeley v. Southern Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period).

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint and amendment thereto because the event complained of occurred more than a decade ago. In his amended complaint, or in a memorandum filed with it, Mr. Bolton must explain why his action should not be dismissed as time-barred.

Mr. Bolton will be permitted to file an amended complaint. In his amended complaint, Mr. Bolton must allege facts showing what Chevron did that amounted to a violation of his rights under the Constitution or laws of the United States. Mr. Bolton needs to identify the federal constitutional or federal law basis for his claim, because the court does not see one in the facts alleged. Mr. Bolton also must allege facts showing that Chevron acted under color of state law. Finally, Mr. Bolton must explain why the action should not be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed and the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **December 1, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: October 30, 2015

_____
LAUREL BEELER
United States Magistrate Judge